JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMS, LLC d/b/a/ OMS GLOBAL, LLC, JAMIE MATSUBA, THOMAS MATSUBA and DOROTHY MATSUBA,<br><br>Appellants,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Appellee. | CASE NO. CV 15-3876-R<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S GRANT OF SUMMARY JUDGMENT AND SUBSTANTIVE CONSOLIDATION<br><br>Bankruptcy No. 1:12-bk-12031 MT<br>Adversary No. 1:13-ap-01394 MT |

Before the Court is an appeal from the Bankruptcy Court's Order Granting Summary Judgment and Judgment Granting Substantive Consolidation. This Court has jurisdiction over this appeal pursuant to Title 28 U.S.C. § 158(a). Having been thoroughly briefed by both parties, this Court took the matter under submission on October 27, 2015.

Substantive consolidation "enabl[es] a bankruptcy court to disregard separate corporate entities, to pierce their corporate veils in the usual metaphor, in order to reach assets for satisfaction of debts of a related corporation." *James Talcott, Inc. v. Wharton,* 517 F.2d 997, 1000 (2d Cir. 1975). The consolidated assets create a single fund from which all claims against the

consolidated debtors are satisfied; duplicate and inter-company claims are extinguished and, the creditors of the consolidated entities are combined for purposes of voting on reorganization plans. *See Union Savings Bank v. Augie/Restivo Baking Co. Ltd. (In re Augie/Restivo Baking Co.)*, 860 F.2d 515, 518 (2d Cir. 1988). Without the check of substantive consolidation, debtors could insulate money through transfers among inter-company shell corporations with impunity. *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 764 (9th Cir. 2000). This is precisely why the bankruptcy court ordered substantive consolidation in the first place—because Appellants' business model included an "extreme and creative property transfer system," and constant transfers of cash between Debtor and Appellants. *In re Owner Mgmt. Serv., LLC Tr. Corps*, 530 B.R. 711, 736 (Bankr. C.D. Cal. 2015). "[T]he constantly shifting title, assets and comingled funds were central to the operations." *Id*. at 728.

This Court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *Carman v. Morgan*, 197 B.R. 892 (Bankr. N.D. Cal. 1996). On May 14, 2015, the Bankruptcy Court entered judgement against Appellants, which had the effect of retroactively substantively consolidating ten non-debtors, including three individuals, into the Chapter 7 bankruptcy of one debtor. Appellants primarily argue that the Bankruptcy Court impermissibly expanded the scope of the Ninth Circuit's decision in *Bonham* by permitting the substantive consolidation of non-debtor individuals with an existing Chapter 7 debtor. Neither party disputes that *Bonham* is controlling law; therefore, the only relevant question for this Court is whether the holding in *Bonham* can be interpreted to include non-debtor individuals.

In *Bonham*, a Chapter 7 trustee moved to substantively consolidate debtor's estate with the non-debtor estates of her two closely held corporations. *Bonham*, 229 F.3d at 750. First, the Ninth Circuit analyzed whether a bankruptcy court had the power to order substantive consolidation. The court held that it did, finding that "the power of substantive consolidation has been considered part of the bankruptcy court's general equitable powers since the passage of the Bankruptcy Act of 1898." *Id*. at 763. Next, the court adopted the Second Circuit's approach in applying substantive consolidation. The test contains two factors: (1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the

affairs of the debtor are so entangled that consolidation will benefit all creditors. *Id*. at 766. "The presence of either factor is a sufficient basis to order substantive consolidation." *Id*.

The bankruptcy court in this case, relied on the second factor in granting substantive consolidation. "Consolidation under the second factor, entanglement of the debtor's affairs, is justified only where the time and expense necessary even to attempt to unscramble them [is] so substantial as to threaten the realization of any net assets for all the creditors or where no accurate identification and allocation of assets is possible." *Id*. The *Bonham* court, relying on the second factor as well, held that the non-debtor corporations were but instrumentalities of the debtor with no separate existence of their own. *Id*. at 766-67. It held that "Bonham commingled her personal assets" with those of the non-debtor corporations and there was no clear demarcation between the affairs of Bonham or the non-debtor entities. *Id*. at 767. Since disentangling the affairs of Bonham and the other entities would be needlessly expensive and futile, the court affirmed the bankruptcy court's order. *Id*.

The bankruptcy court found the second *Bonham* factor met since "the financial affairs of the entities and individual defendants [were] so entangled that they constitute[d] a single enterprise." *Owner Mgmt. Serv.*, 530 B.R. at 742. This ruling was supported by 70 pages of findings of fact. The entanglement ranged from the admitted "common account" to every other aspect of Debtor's business operations: its non-decision makers; its business model; its business address; and its post office boxes and who controls them. The undisputed evidence also established that the Trustee's experts would need to spend at least "tens of thousands" of dollars to try to unscramble the financial accounts. *Id*. at 737-41. The record is also replete with evidence that despite countless efforts by the Bankruptcy Trustee to obtain basic financial information from Debtor, Debtor and Appellants purposefully avoided such requests and when they did comply, it was often with altered or incomplete records. It is therefore clear that disentangling the affairs of Appellants and the Debtor would not only be needlessly expensive, but probably futile.

Appellants next argue that unlike the non-debtor entities in *Bonham*, which were mere instrumentalities of the debtor, here, three of the Appellants are human beings. Appellants state that neither the Ninth Circuit nor the U.S. Supreme Court have ever permitted the involuntary

substantive consolidation of non-debtor human beings with a debtor. While this may be true, the Bankruptcy Code generally does not recognize a difference between organizational entities or human beings. For example, Title 11 U.S.C. § 109(b), which defines who may be a debtor in bankruptcy, makes no distinction between individuals and corporations for purposes of Chapter 7. Appellants have not provided this Court with any controlling authority that states otherwise, nor can this Court find any. As the bankruptcy court pointed out, "[t]here appears to be ample precedent for substantively consolidating an artificial entity into another entity's or into an individual's bankruptcy case, but very little case law consolidating a non-debtor individual into an entity's bankruptcy case." *Id*. at 741. Nevertheless, the court found it necessary to include the individual defendants to prevent further harm to the estate. "The [i]ndividual [d]efendants are the ring masters behind the labyrinthine system of transactions and transfers of properties that can only be untangled if the individuals use of accounts and property transfers are included." *Id*. Absent substantive consolidation, the individual defendants would "be free to continue to use the same business tactics to victimize borrowers at the expense of lenders." *Id*. at 742. Because the whole concept of substantive consolidation is premised on the goal of obtaining a fair outcome for creditors, which is one of the goals and purposes of the federal bankruptcy scheme, this Court finds no difference between the substantive consolidation of non-debtor corporate entities or non-debtor individuals when such consolidation is necessary to protect creditor's rights and prevent injustice. *See In re LLS Am., LLC*, 2011 WL 40054471 (Bankr. E.D. Wash. Sept. 8, 2011).

Having found that *Bonham* is controlling authority in this case, Appellants' next arguments pertaining to Bankruptcy Code Sections 105 and 303 are unpersuasive. Appellants cite to a select limitation portion of Bankruptcy Code Section 105 for the proposition that the court's "expansive imposition of substantive consolidation exceeded its authority under Section 105(a)." Section 105(a) also states that "[a bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. Section 105(a). As the *Bonham* court found, "[a]lthough substantive consolidation was not codified by the Bankruptcy Reform Acts [], courts, as well as the bankruptcy rules, recognize its validity …" *Bonham*, 229 F.3d at 763. The bankruptcy court's order also does not run afoul Section 303. Appellants argue

4

that forcing a non-debtor into bankruptcy via substantive consolidation contravenes the requirements of section 303. Substantive consolidation and involuntary bankruptcy, however, are two separate and distinct principles. Substantive consolidation focuses on the debtor's inter-relationship with others, using equitable principles to consolidate assets and liabilities; whereas involuntary bankruptcy focuses on the debtor's financial relationship with its creditors and whether the debtor is paying its debts as they become due. An involuntary bankruptcy involves totally different inquiries than substantive consolidation. To the extent Appellants argue that substantive consolidation denied them the procedural safeguards of involuntary bankruptcy proceedings, the record establishes that each Appellant was afforded more than adequate due process. As the bankruptcy court noted, "Defendants have had ample opportunity to provide evidence to defeat this substantive consolidation motion, and great efforts have been taken for three years to ensure their due process rights, often to the detriment of the Trustee's estate administration." *In re Owner Mgmt. Serv.*, 530 B.R. at 724.

Appellants next contend that *nunc pro tunc* relief was inappropriate and cite to other circuits for such an assertion. The Ninth Circuit specifically authorizes this relief. *Bonham*, 229 F.3d at 771 ("[W]e leave it to the discretion of the bankruptcy court to determine in light of the equitable nature of substantive consolidation whether *nunc pro tunc* consolidation should be ordered."). This Court reviews a bankruptcy court's order of *nunc pro tunc* "for abuse of discretion or erroneous application of law." *See Atkins v. Wain, Samuel & Co.*, 69 F.3d 970, 973 (9th Cir. 1995). A reviewing court in this circuit will not reverse the *nunc pro tunc* aspect of the bankruptcy court's order of substantive consolidation unless it has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached. *See id.*; *Bonham*, 229 F.3d at 763. Given the countless transfers between entities and comingling of all assets, the bankruptcy court noted that "[t]he Trustee could arguably recover transfers going back seven years from the petition date;" however, it only ordered *nunc pro tunc* to January 9, 2012, the date Debtor filed bankruptcy. *In re Owner Mgmt. Serv.*, 530 B.R. at 742. Because this Court finds the bankruptcy court committed no error of judgment in its conclusion, the court's order of *nunc pro tunc* relief is AFFIRMED.

1       This Court also finds no genuine issue of material fact. Appellants contend that at the summary judgment stage, they were entitled to certain assumptions pertaining to the assertions by Howard Grobstein, which state that "it *may* be possible to reconstruct the various transfers among the defendants." As the bankruptcy court noted, the Grobstein Declaration is full of vague, hypothetical and incomplete assertions. For example, Mr. Grobstein admits that he was provided with "[o]nly minimal documentary information [] relating to the Debtor;" he does not refute or address Linda Lee's report (the Trustee's Expert); and he fails to mention how long and what cost such reconstruction would take. As *Bonham* noted, consolidation under the second factor is justified only where the time and expense necessary even to attempt to unscramble the debtor's affairs are so substantial as to threaten the realization of any net assets for all the creditors. *Bonham*, 229 F.3d at 766 (citing *In re Augie/Restivo*, 860 F.2d at 518-19)). Mr. Grobstein's "hypothetical and limited observations are simply insufficient," even if construed in the light most favorable to Appellants. *In re Owner Mgmt. Serv.*, 530 B.R. at 739. The fact remains that there is overwhelming evidence of purposeful entanglement and any attempt at unscrambling the Debtor's financial accounts would require potentially tens of thousands of dollars, if even possible. This Court finds no genuine issue of material fact.

      As the bankruptcy court found, the financial affairs of the entities and individual Appellants are so entangled that they constitute a single enterprise. With no regard for corporate formalities, the Appellants and Debtor used the same accounts to pay for all their expenses, business and personal. Finding no genuine issue of material fact and all requirements of the *Bonham* test for substantive consolidation satisfied, the Court AFFIRMS the bankruptcy court's order of substantive consolidation and grant of summary judgment.

      **IT IS HEREBY ORDERED** that the bankruptcy court's May 14, 2015 Order Granting Summary Judgment and Judgment Granting Substantive Consolidation are AFFIRMED.

Dated: November 6, 2015

                                                               MANUEL L. REAL
                                                           UNITED STATES DISTRICT JUDGE